IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LATONQUA BAILEY, | ) ) ) |
| Plaintiff, | ) ) ) Civ. Action No. 3:22-cv-50254 |
| v. | ) ) ) Plaintiff requests trial by jury |
| JAMES C. ORTMAN, | ) ) |
| Defendant. | ) ) |

# FIRST AMENDED COMPLAINT

1. This is an action for declaratory relief, permanent injunctive relief, and damages for discrimination in the rental of housing on the basis of race. This action arises under the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§3601 et seq.

*Jurisdiction and Venue*

2. Jurisdiction is conferred on the court by 42 U.S.C. §3613 and 28 U.S.C. §§1331, 1337, 1343(a) and 2201.

3. Venue is proper in this District as the acts giving rise to this action occurred in Winnebago County in Rockford, Illinois.

*Parties*

5. Plaintiff Latonqua Bailey is an African-American woman and fair housing tester for Prairie State Legal Services (PSLS) who sought information from Defendant on his rental process and the availability of apartments he owns in the Rockford area located in Winnebago County, Illinois.

1

6. As a volunteer for PSLS, Plaintiff engaged in fair housing testing as a means to determine whether there was evidence that race discrimination played a part in Defendant's treatment of her as a potential tenant at one of his buildings. As with other tester volunteers with PSLS, Plaintiff is a civic-minded individual from the local community who has been specifically trained to conduct fair housing tests, and who receives a small stipend on a per-test basis to conduct such tests.

7. Defendant James C. Ortman is the record owner of real property located at 820 Montague St in Rockford, Illinois 61102.

*Statutory Basis for Complaint*

8. The Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended, prohibits discrimination in the sale or rental of public or private housing on the basis of race. 42 U.S.C. §3604. In particular, the Fair Housing Act provides at 42 U.S.C. §3604(c) that "it shall be unlawful - -

> (c) To make …any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race…or an intention to make any such preference limitation, or discrimination.

*Facts*

9. Plaintiff Latonqua Bailey is a thirty-six year old African-American woman who has lived in Rockford, Illinois her entire life.

10. Ms. Bailey has served as a tester for the PSLS fair housing program from January of 2019 until the filing of this lawsuit. The PSLS fair housing program helps make sure that people are not denied housing because of their lawfully protected status under the fair housing laws, including race, color, national origin, religion, sex, sexual orientation, disability, and family status (living with minor children), among others. Fair

2

housing testing is an effective way to determine whether housing providers treat prospective applicants with protected characteristics equally. Fair housing testers present themselves as prospective residents for apartments and homes and report back about their experiences while interacting with housing providers.

11. In the fair housing test at issue in this matter, a PSLS Test Coordinator assigned both a White tester and an African-American tester (Plaintiff) to execute a fair housing test at Defendant's property. After receiving the reports, the Test Coordinator reviewed the reports to see how the Testers may have been treated differently when they inquired about renting an apartment.

12. On or about July 27, 2020, the PSLS Test Coordinator assigned Plaintiff to contact the person who posted an advertisement on Craigslist.org in order to inquire about viewing a property located in Rockford, Illinois, which was later identified as 820 Montague St in Rockford, Illinois 61102 ("Property").

13. Defendant Ortman posted a listing for the Property on Craigslist.org on July 27, 2020. The advertisement included his name, James, and invited interested people to call or text him. Statements in the advertisement included:

> "The house is on the west side of Rockford and not in the nicest neighborhood, tbh. Not a terrible neighborhood, but still, it's Rockford."

> "No poor people, please."

> "I am just simply looking for someone who can pay the rent on time every month and not F the place up. That's all I ask. Oh, and please don't be a punk either."

14. On July 28, 2020, Ms. Bailey called the phone number listed in the advertisement and left a voice message stating that her name was "Kayla" and that she

3

was calling about the apartment for rent. She left a phone number where she could be reached. Defendant did not respond to her on that day.

15. After not receiving a return call, Ms. Bailey sent a text message to Defendant on July 29, 2020 in the morning. She sent a second text message in the early afternoon.

16. Defendant Ortman returned Ms. Bailey's second text message a few minutes later. The message stated:

> "Hi Kayla. Sorry, someone else has planned to move in. They were the first to contact me.
> I should take that ad down. Thanks anyways though for replying to the ad."

17. Ms. Bailey replied back to Defendant and asked if he had any other properties in the Rockford area. Defendant responded that he had another house in Rockford but that someone was living there.

18. Ms. Bailey then asked if Defendant had any other vacancies, to which he replied that he did not. Ms. Bailey then asked Defendant about rent, security deposit, and the address of Property.

19. Approximately 45 minutes later, at 2:21 p.m., Defendant sent a final text message to Ms. Bailey. The message read:

> "Fuck you nigger."

20. Ms. Bailey was shocked and confused when she received the racial slur. She immediately replied, "Excuse me?wrong number!" Defendant did not respond further.

21. The combination of the advertisement and the racial slur deterred the Plaintiff from engaging in further negotiations for a real estate transaction with the Defendant.

22. Ms. Bailey completed her fair housing test report and reported to the test coordinator at Prairie State Legal Services that she was insulted by Defendant's message

4

to her. In the course of completing fair housing tests over the last few years, Ms. Bailey had never received a statement like this from any housing provider except the Defendant.

*Injury to Plaintiff*

23. Defendant's abrupt termination of Ms. Bailey's housing inquiry and his profane racial slur has caused Ms. Bailey to suffer irreparable injury, including emotional distress and deprivation of her civil rights. After receiving the message from Defendant, Ms. Bailey has replayed the interaction with Defendant repeatedly in her mind, over the course of many days up and through the present time.

24. Defendant's use of a racial slur caused Ms. Bailey to remember other times in her life when she heard the "N-word," evoking renewed feelings of past emotional distress. As Professor Michele Goodwin states:

> 'Nigger' is perhaps the most provocative word in the American lexicon. It inspires fear, shame, guilt, anger, and even hate. For many African Americans, the word evokes memories of subordination supported by and arguably 'underwritten' by the law, including Jim Crow lynchings, lack of accommodations, and denial of civil liberties."

*Nigger and the Construction of Citizenship*, 76 Temp. L. Rev. 129, 129–30 (2003).

25. Defendant's actions as described above caused Ms. Bailey to doubt her identity as a black woman and question her value in society. She has worked hard to grow her career prospects by pursuing education and training programs. Defendant's callous use of racially-hostile language to end her rental inquiry caused her to believe that no matter how hard she might work, she can still be judged based only on her race.

26. Through the actions described above, Defendant acted intentionally and with willful, wanton, and reckless disregard for the rights guaranteed by federal fair housing and civil rights laws.

*Causes of Action*

## Count I
(violation of Federal Fair Housing Act)

27. Plaintiff hereby realleges and incorporates the facts and allegations set forth in paragraphs 1 through 26.

28. Defendant's acts as described herein, constitute violations of the Fair Housing Act, Title VIII of the 1968 Civil Rights Act, as amended, 42 U.S.C. §3604 by:

   a) publishing an advertisement or notice, or causing to publish an advertisement or notice, with respect to the rental of a dwelling, that indicates a preference, limitation, or discrimination based on race, or an intention to make any such preference, limitation or discrimination, in violation of 42 U.S.C. §3604(c); and

   b) making or causing to make a profane racial slur via text, which is a statement or written notice with respect to the rental of a dwelling, that indicates a preference, limitation, or discrimination based on race, or an intention to make any such preference, limitation or discrimination, in violation of 42 U.S.C. §3604(c).

29. Defendants actions were willful, wanton and reckless.

30. Defendants' actions caused Plaintiff emotional distress as described above.

*Prayer for Relief*

WHEREFORE, Plaintiff Bailey respectfully requests that this Court:

   a) Assume jurisdiction of this action;

   b) Declare Defendant's actions complained herein to be in violation of the Fair Housing Act, Title VIII of the 1968 Civil Rights Act, 42 U.S.C. §3604;

c) Order Defendant to take appropriate affirmative action to ensure that the activities complained of are not engaged in again by him or any of his agents;

d) Permanently enjoin Defendant or any of his agents from discriminating on the basis of race against any person in violation of the Fair Housing Act;

e) Award Plaintiff compensatory damages in an amount to be determined by the jury that would fully compensate for her loss caused by the conduct of Defendant alleged herein[1];

f) Award punitive damages to Plaintiff in an amount to be determined by the jury that would reflect Defendant's intentional, willful, wanton, and reckless misconduct alleged herein and that would effectively deter the Defendant from engaging in similar conduct in the future;

g) Award Plaintiff her reasonable attorney's fees and costs; and

h) Provide such further relief as this court deems just and proper.

*Demand for a Jury Trial*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

/s/ Kathryn M. Liss
Kathryn M. Liss, Attorney
Bar No. 6297046
Prairie State Legal Services, Inc.
31W001 E. North Ave., Ste. 200
West Chicago, IL 60185
Phone: (630)797-3544
kliss@pslegal.org

*Attorneys for Plaintiff*

---

[1] Compensatory damages are specifically authorized under the Fair Housing Act (42 U.S.C. §3613)